No. 3085.—Louis Tregre v. O. Baudry—A. Miltenberger, Warrantor.

A defendant, who has allowed his lands to be seized and sold to pay his debts, can not afterward maintain a petitory action, for the recovery of the lands, against the purchaser, at judicial sale. Being divested of title himself by the sale, he is estopped from setting up his title against the purchaser.

APPEAL from the District Court, parish of St. John Baptist. *Bauvais,* J.    *Charles Longue,* for plaintiff and appellant. *St. Maurice Berault, Legendre & Poche,* for defendant and appellee.

Howell, J.    This is a petitory action by Louis Tregre against Omer Baudry, the overseer and manager of A. Miltenberger, called in war-

Tregre v. Baudry—Miltenberger, Warrantor.

ranty, for a plantation situated in the parish of St. John the Baptist. The facts, necessary to an understanding of plaintiff's demand, are as follows: A. Miltenberger & Co., of which firm the warrantor is a member, obtained judgment in the United States Provisional Court for Louisiana against Louis Tregre for about $80,000, with a recognition of mortgage, and caused the property claimed in this suit to be sold, and, at the sale on third June, 1865, A. Miltenberger became the purchaser for $27,000 cash, and has ever since held it. Tregre, the defendant in that suit, simply alleges in his petition, in this that he is the owner of the said land and improvements, by virtue of acts of purchase long prior to said suit, and that the defendant, Baudry, has, without authority, taken possession thereof, and claims as owner. We are unable to understand how plaintiff can recover. The title set up by him was divested by the sale in the above named suit, and, being the defendant therein, he is estopped from setting up his said title against the purchaser, warrantor in this action.

Judgment affirmed.